UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEVIN L. THOMAS,

        Petitioner,

v.

STEVE SINCLAIR,

        Respondent.

Case No. C08-1830-RSL-BAT

**REPORT AND RECOMMENDATION**

## INTRODUCTION AND SUMMARY CONCLUSION

Petitioner is a state prisoner who is currently incarcerated at the Stafford Creek Corrections Center in Aberdeen, Washington. He seeks relief under 28 U.S.C. § 2254 from his 2006 King County Superior Court conviction on a charge of robbery in the second degree. Respondent has filed an answer to the petition in which he argues that the petition should be dismissed because petitioner failed to exhaust his state court remedies. Petitioner has filed no response to respondent's answer. Following a careful review of the record, this Court concludes that petitioner's federal habeas petition should be dismissed without prejudice for failure to exhaust state court remedies.

REPORT AND RECOMMENDATION - 1

# PROCEDURAL HISTORY

On November 22, 2006, petitioner was found guilty, following a bench trial, of one count of robbery in the second degree. (Dkt. No.15, Ex. 1 at 1.) On December 15, 2006, petitioner was sentenced to a term of 72 months confinement. (*Id*., Ex. 1 at 4.)

Petitioner filed a direct appeal in the Court of Appeals of Washington, Division I. Petitioner, through counsel, identified the following assignment of error in the brief of appellant:

> The trial court erred when it denied appellant's motion to withdraw his jury trial waiver.

(*Id*., Ex. 2 at 1.)

Petitioner also filed *pro se* a statement of additional grounds in which he argued that (1) the prosecutor committed misconduct, (2) he was denied effective assistance of counsel, and (3) he was denied his right to a speedy trial. (*Id*. Ex. 3.)

The Court of Appeals affirmed petitioner's conviction in an unpublished opinion filed on March 31, 2008. *See State v. Thomas*, 2008 WL 836393 (Wash.App. Div. 1). Petitioner thereafter filed a motion for reconsideration which was denied on June 13, 2008. (*Id*., Ex. 6.)

On June 23, 2008, petitioner moved for an extension of time to complete and file a motion for discretionary review. (*Id*., Ex. 7.) Petitioner's motion was granted and petitioner was given until August 29, 2008, to file his petition for review. (*Id*., Ex. 8.) On August 23, 2008, petitioner moved for a second extension of time to file his petition for review. (*Id*., Ex. 9.) The Supreme Court granted an extension until October 3, 2008. (*Id*., Ex. 10.) Petitioner failed to file his petition for review by October 3, 2008, and, on October 10, 2008, the Supreme Court dismissed petitioner's appeal as abandoned. (*Id*., Ex. 11.)

On November 29, 2008, petitioner directed a letter to the clerk of the Washington Supreme Court requesting yet another extension of time to file a petition for review. (*Id*., Ex.

REPORT AND RECOMMENDATION - 2

12.) The letter was received at the Supreme Court on December 4, 2008, and was placed in the closed file without action because the matter had been dismissed by the October 10, 2008, ruling and no timely motion to modify that ruling had been filed. (Dkt. No. 15, Ex. 12.)

On December 11, 2008, petitioner signed his federal habeas petition and the petition was received by this Court for filing on December 23, 2008. (*See* Dkt. No. 7.) Petitioner identifies the following four assignments of error in his petition: (1) the trial court erred when it refused to reinstate petitioner's constitutional right to trial by jury; (2) petitioner was denied effective assistance of counsel; (3) the prosecutor committed misconduct; and (4) petitioner was denied his right to a speedy trial. (*See id*. at 5, 7, 8, and 10.)

## DISCUSSION

Respondent argues in his answer that petitioner failed to fully and fairly exhaust any of his federal habeas claims because he failed to present those claims to the Washington Supreme Court for review. Respondent further argues that because petitioner's claims are unexhausted, they are not cognizable in this federal habeas petition, and the petition should therefore be dismissed without prejudice.

A state prisoner is required to exhaust all available state court remedies before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971)(internal quotation marks and citations omitted). In order to provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of

REPORT AND RECOMMENDATION - 3

discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

The record before this Court makes clear that petitioner failed to present any of his federal habeas claims to the Washington Supreme Court for review. Thus, as respondent correctly argues, petitioner's claims are not cognizable in this federal habeas action.

## CONCLUSION

Based upon the foregoing, this Court recommends that petitioner's federal habeas petition be dismissed without prejudice for failure to exhaust state court remedies. A proposed order accompanies this Report and Recommendation.

DATED this 2nd day of October, 2009.

/s/ 
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4